| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| MEGAN LEIGH NORRIS, § <br> § <br> Plaintiff, § <br> § <br> versus § <br> § <br> BOMBARDIER RECREATIONAL § <br> PRODUCTS, INC., d/b/a BRP and § <br> DENNIS LEE d/b/a Triple L Powersports, § <br> Inc., § <br> § <br> Defendants. § | CIVIL ACTION NO. 1:08-CV-525 |

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff Megan Leigh Norris's ("Norris") Motion to Remand (#8), seeking remand to state court of this products liability action against Defendants Bombardier Recreational Products, Inc. ("Bombardier"), and Dennis Lee d/b/a Triple L Powersports, Inc. ("Triple L") (collectively, "Defendants"), on the grounds that Triple L is a properly joined defendant and its presence in the lawsuit, as a citizen of the State of Texas, defeats diversity jurisdiction pursuant to 28 U.S.C. § 1441(b) and precludes removal of this action. Having reviewed the motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is warranted.

I.  Background

On July 23, 2008, Norris filed her Original Petition in the 260th Judicial District Court of Orange County, Texas, asserting a variety of products liability claims. In her petition, Norris claims that on June 28, 2008, she was riding behind two friends on a Sea-Doo RXP when she slipped from the rear of the watercraft into the path of the stream of water thrust upwards by its jet pump. Norris contends that "[t]he high-pressure stream of water penetrated her orifices

causing massive, mutilating injuries to her lower abdomen." The Sea-Doo on which Norris was riding was manufactured by Bombardier and was purchased from Triple L by Lexi LeBlanc ("LeBlanc"). Norris, alleging causes of action for negligence, design defect, failure to warn, breach of warranty, and fraudulent nondisclosure, seeks compensatory damages from Defendants for past and future physical impairment, reasonable and necessary costs of medical care and treatment, and past and future disfigurement. Norris also seeks to recover punitive damages, pre-judgment and post-judgment interest, attorneys' fees, and court costs.

On August 28, 2008, Bombardier removed the case to this court on the basis of diversity of citizenship, contending that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Norris is a citizen and resident of the State of Texas. Bombardier is a Canadian corporation, engaged in manufacturing recreational motorized vehicles for sale to the general public in Texas. It is undisputed that Triple L, a sole proprietorship in the business of selling Sea-Doo and other watercraft locally, is a Texas citizen. Bombardier asserts that because Triple L was fraudulently joined as a defendant to defeat diversity, it should be dismissed as a party to this action and its citizenship ignored for jurisdictional purposes. On October 20, 2008, Norris filed the instant motion to remand the case to state court, asserting that Triple L was properly joined and, therefore, because complete diversity does not exist among the parties, federal jurisdiction is lacking.

II.	Analysis

    A.	General Standard for Removal

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Boone*, 416 F.3d at 388; *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th

Cir. 2003); *Howery*, 243 F.3d at 919. "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corp. Chem. Group*, 520 F. Supp. 825, 827 (S.D. Tex. 1981); *accord Crossroads of Tex., L.L.C. v. Great-West Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708 (S.D. Tex. 2006); *Smith v. Baker Hughes Int'l Branches, Inc.*, 131 F. Supp. 2d 920, 921 (S.D. Tex. 2001). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gutierrez*, 543 F.3d at 251; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *In re Hot-Hed Inc.*, 477 F.3d at 323; *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002); *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002); *Manguno*, 276 F.3d at 723.

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *McDonal*, 408 F.3d at 181; *Howery*, 243 F.3d at 914-15; *Hart*

4

*v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 n.2 (5th Cir. 2007); *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558 n.1 (5th Cir. 2004); *Manguno*, 276 F.3d at 723; *Howery*, 243 F.3d at 916; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000). In removed cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir.), *cert. denied*, 534 U.S. 997 (2001); *Gebbia*, 233 F.3d at 882. Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc.*, 519 U.S. at 68; *Heritage Bank*, 250 F.3d at 323; *Howery*, 243 F.3d at 920. Furthermore, removal is appropriate only if none of the parties properly joined and served as defendants are citizens of the state in which the action was brought. *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co.*, 546 U.S. at 89; *Gasch*, 491 F.3d at 281; *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir.), *cert. denied*, 548 U.S. 907 (2006).

B.  Fraudulent Joinder

In the case at bar, although there is no dispute that Plaintiff Norris and Defendant Bombardier are diverse and that more than $75,000.00 is at issue, complete diversity is lacking

because Defendant Triple L is a citizen of Texas. Therefore, to establish the existence of diversity jurisdiction, Bombardier must show that Triple L was improperly or fraudulently joined as a defendant to this action. *See Crockett*, 436 F.3d at 532; *Guillory*, 434 F.3d at 307-08; *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 224-25 (5th Cir. 2005), *cert. denied*, 549 U.S. 811 (2006); *Heritage Bank*, 250 F.3d at 323; *Hart*, 199 F.3d at 246. "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), *cert. denied*, 544 U.S. 992 (2005). "The removing party bears the heavy burden of proving that non-diverse defendants have been fraudulently joined to defeat diversity, either by showing that (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *accord Gasch*, 491 F.3d at 281; *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *Holder v. Abbott Labs., Inc.*, 444 F.3d 383, 387 (5th Cir. 2006); *Guillory*, 434 F.3d at 308-09; *McDonal*, 408 F.3d at 183; *Melder v. Allstate Corp.*, 404 F.3d 328, 330 (5th Cir. 2005); *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), *cert. denied*, 544 U.S. 992 (2005); *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

A determination of fraudulent joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994). Where the defendant maintains that federal jurisdiction is proper, the court must evaluate

all the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff, and then examine relevant state law and resolve all uncertainties in favor of the nonremoving party. *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003), *cert. denied*, 546 U.S. 813 (2005); *Travis*, 326 F.3d at 649; *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *Hart*, 199 F.3d at 246; *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Furthermore, the "'court must normally assume all the facts as set forth by the plaintiff to be true.'" *Burden*, 60 F.3d at 217 (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039 (1984)).

"A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal*, 408 F.3d at 183 n.6; *see also Boone*, 416 F.3d at 388 ("A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6).")); *Smallwood*, 285 F.3d at 573. If a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no improper joinder. *Guillory*, 434 F.3d at 309; *Smallwood*, 385 F.3d at 573. "That said, there are cases, hopefully few in number, in which the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* (citing *Badon*, 224 F.3d at 389 n.10); *accord Guillory*, 434 F.3d at 309. The court, however, must carefully distinguish an attack on the overall merits of the case from a showing that defendants were improperly joined in order to defeat diversity. *See Smallwood*, 385 F.3d at 573 ("[T]he focus of the inquiry must be on the joinder, not on the merits of the plaintiff's

7

case."); *see also Gasch*, 491 F.3d at 284 ("[A] meritless claim against an in-state defendant is not the equivalent of improper joinder."); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 546 (5th Cir. 1981) ("[D]istrict courts must not 'pre-try' substantive factual issues in order to answer the discrete threshold question of whether the joinder of an in-state defendant is fraudulent.").

In the instant case, because Bombardier does not claim actual fraud in Norris's recitation of jurisdictional facts, it must demonstrate that there is no possibility that Norris could establish a cause of action against Triple L. *See Gasch*, 491 F.3d at 281; *Larroquette*, 466 F.3d at 374; *Holder*, 444 F.3d at 387; *Guillory*, 434 F.3d at 308; *Melder*, 404 F.3d at 330; *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d at 648; *Great Plains Trust Co.*, 313 F.3d at 312; *Hart*, 199 F.3d at 246. "In evaluating a claim of fraudulent joinder, we do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997), *cert. denied*, 523 U.S. 1072 (1998); *see Guillory*, 434 F.3d at 308-09; *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996); *Burden*, 60 F.3d at 216. "'If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law.'" *B., Inc.*, 663 F.2d at 550 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968)); *accord Travis*, 326 F.3d at 647. "This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co.*, 313 F.3d at 312 (citing *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)); *accord Boone*, 416 F.3d at 388; *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004); *Travis*, 326 F.3d at 648. "'If there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," then there is no

fraudulent joinder,'" and the case must be remanded for lack of diversity. *Great Plains Trust Co.*, 313 F.3d at 312 (quoting *Badon*, 236 F.3d at 286 (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993))); *see Gray*, 390 F.3d at 402; *Smallwood*, 385 F.3d at 589-90; *Sid Richardson Carbon & Gasoline Co.*, 99 F.3d at 751.

In assessing whether a plaintiff could possibly establish a claim against a non-diverse defendant, the court must apply the law of the state in which the action was brought—in this case, Texas. *See Travis*, 326 F.3d at 647; *Hart*, 199 F.3d at 247. "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs*, 181 F.3d at 701; *see Burden*, 60 F.3d at 218-21. Here, Bombardier asserts that Norris's claims against Triple L are barred by Texas state law. Section 82.003 of the Texas Civil Practice and Remedies Code generally exempts nonmanufacturing retailers like Triple L from liability for injuries caused by the products they sell. *See* TEX. CIV. PRAC. & REM. CODE § 82.003. The statute further provides, however, that this exemption is inapplicable if a claimant proves: "(A) the seller actually knew of a defect to the product at the time the seller supplied the product; and (B) the claimant's harm resulted from the defect." *Id.* at § 82.003(a)(6). Similarly, the statute allows the imposition of liability where a claimant establishes that: "(A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product; (B) the warning or instruction was inadequate; and (C) the claimant's harm resulted from the inadequacy of the warning or instruction." *Id.* at § 82.003(a)(4).

In her Original Petition, Norris alleges that Defendants "placed [a] defective and dangerous product into the stream of commerce when they knew of or should have known of its defective

9

nature and propensity to cause harm to individuals such as Plaintiff." She contends that "the defective and unreasonably dangerous product caused harm and injury to Plaintiff." Norris further pleads that "[a]dequate warnings were not provided with the product to insure safety." According to Norris, "[a]s a direct result of Defendants' failure to warn, this defective and unreasonably dangerous product caused harm and injuries to Plaintiff." Construing these allegations in the light most favorable to the plaintiff, the court concludes that Norris could conceivably recover against the in-state retailer pursuant to TEX. CIV. PRAC. & REM. CODE § 82.003(a)(4) and (6). *See Vargas v. Merck*, Civ. A. No. C-06-501, 2006 WL 3487403, at *2 (S.D. Tex. Dec. 1, 2006); *Shields v. Bridgestone Firestone N. Am. Tire, L.L.C.*, 502 F. Supp. 2d 497, 501-02 (W.D. Tex. 2005); *Rape v. Medtronic, Inc.*, Civ. A. No. 9:04-CV-225, 2005 WL 1189826, at *3 (E.D. Tex. May 19, 2005) (finding that plaintiff stated potential products liability claim under Section 82.003 although the statute was not cited); *Brewer v. Porsche Cars N. Am., Inc.*, Civ. A. No. 3:04-CV-2343-M, 2005 WL 292417, at *2 (N.D. Tex. Feb. 7, 2005). Thus, Plaintiff's products liability claims against Triple L survive a Rule 12(b)(6)-type challenge.

Nonetheless, Bombardier urges the court to pierce the pleadings and consider additional evidence which purportedly refutes Norris's factual assertions. Specifically, Bombardier invites the court to review the affidavits of Triple L's owner—Dennis Lee—and its vice presidents—Michael Corbett, Ralph Henning, Duane Jennings, and Laura Sparks. These documents contain sworn statements that Triple L had no knowledge of any purported design defect and that it did not exercise substantial control over the content of any warning or instruction that accompanied the watercraft at issue. Although Norris responds with evidence of her own (including LeBlanc's sworn statement that she never received an owner's manual which arguably

contained safety warnings and instructions), there is no indication that she has "misstated or omitted discrete facts that would determine the propriety of joinder."[1] *Smallwood*, 385 F.3d at 573. Morover, it appears that Bombardier's allegations of improper joinder are substantially based on arguments regarding the merits of Triple L's defense and not the legal basis for Triple L's joinder. Accordingly, conducting a summary judgment-like inquiry and considering conflicting evidence at this juncture would be inappropriate. *See Moore v. Ford Motor Co.*, No. 08-02092, 2008 WL 3981839, at *3 (S.D. Tex. Aug. 22, 2008) (finding review of affidavits and corporate records to be inappropriate where there was no indication that the plaintiff misstated or omitted relevant facts and the defendant's improper joinder claims went to the merits of the case); *Brewer*, 2005 WL 292417, at *2 n.2 (declining to consider affidavit that went to the merits of the action and not the legal cognizability of the plaintiff's claims); *Reynolds v. Ford Motor Co.*, Civ. A. No. 5:04-CV-085-C, 2004 WL 2870079, at *4 (N.D. Tex. Dec. 13, 2004) ("The Fifth Circuit has held that a defense upon which fraudulent joinder is based that requires a determination of the merits should be disposed of by the state court."). Thus, the court declines Bombardier's invitation to pierce the pleadings and finds, based on a review of Norris's Original Petition, that this action should be remanded to the state court in which it was originally filed.

---

[1] In regard to the issue of knowledge, Bombardier argues that Norris has misstated or omitted relevant facts "because Plaintiff in one part of her pleading states Bombardier and Triple L knew of the defect and then later alleges that Bombardier alone had knowledge of the defect and withheld it." The court, however, cannot locate any allegation that Bombardier alone possessed knowledge of the purported defect. Rather, Norris's complaint reasonably appears to allege that Bombardier failed to disclose design defects to the general public and that both defendants failed to warn Norris of any potential dangers.

C. <u>Attorneys' Fees</u>

Norris contends that she is entitled to an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c). Federal law provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). "'The word "may" clearly connotes discretion. The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion.'" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)). There is no presumption in favor of an award of fees upon remand of a case improvidently removed. *See id.* In exercising its discretion, a district court should generally "award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal." *Id.* at 141 (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).

Bombardier's removal of this case was not objectively unreasonable, as it proffered evidence that could arguably support an eventual determination that Norris's claims against Triple L are barred by Section 82.003 of the Texas Civil Practice and Remedies Code. While Bombardier's arguments were ultimately unavailing at this stage in the proceedings, the court concludes that Bombardier possessed "an objectively reasonable basis" for removal. *Id.* Thus, Norris's request for attorneys' fees is denied.

III. <u>Conclusion</u>

An evaluation of the pleadings and controlling law reveals that Norris's action has been improvidently removed, as Defendant Triple L is a citizen of the State of Texas. Consequently, Norris's Motion to Remand is GRANTED. This action will be remanded to the 260th Judicial

District Court of Orange County, Texas. All other motions pending in this action are dismissed as moot.

SIGNED at Sherman, Texas, this 12th day of January, 2009.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE